Contracts; requirements-type contract; default termination; waiver of delivery time; test methods. — Plaintiff seeks review of a decision of the General Services Administration Board of Contract Appeals holding that termination by GSA of a contract for the purchase of liquid soap from plaintiff was warranted by the latter’s default and was not merely for the convenience of the Government. Under the contract plaintiff was required to submit the soap for testing within 30 days, with delivery within 5 days after approval. When plaintiff failed to submit soap with an acceptable fatty acid number as required by contract specifications within 30 days, the contracting officer served notice on plaintiff that in view of the failure of delivery, consideration was being given to termination of plaintiff’s right to proceed with further orders, and absent a satisfactory explanation GSA would terminate. Plaintiff offered a substitute delivery of a new production, which likewise failed inspection. The contract *712 was terminated for default. The Board found affirmatively on the weight of the evidence that plaintiff’s soap did not meet acceptable fatty acid number standards, the Board relying upon certain reports introduced in evidence; there was also live evidence. Trial Judge Miller’s recommended decision filed May 23, 1973 (reported in full at 18 CCF para. 82256), discusses the reports submitted as well as the live testimony, and concludes that the Board’s decision upholding the default termination was based on substantial evidence. Trial Judge Miller also concluded that GSA’s testing of the substitute batch indicated a prospective willingness to waive the original default only if plaintiff’s new soap was satisfactory. Since it was not, 'GSA’s forbearance cannot reasonably be deemed a waiver; at no time did the Government express any intention to waive its performance or its original notice. This case came before the court on plaintiff’s request for review of the recommended decision. Since the court agrees with the recommended decision, on November 23,1973, by order, the court adopted and affirmed the same as the basis for its judgment in this case, and further concluded and ordered that plaintiff is not entitled to recover, denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.